JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-118 JVS(ADSx) | Date | March 3, 2021 |
| Title | GBL, LLC v. LaForce and Company, LLC | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion to Remand, Motion to Dismiss**

Before the Court are two motions. First, GBL moves to remand this case to the Superior Court of California for the County of Orange. Mot. to Remand, ECF No. 10. LaForce opposed. Remand Opp'n, ECF No. 12. GBL filed a response. Remand Reply, ECF No. 13.

Second, Defendant LaForce and Company, LLC ("LaForce") moves to dismiss Plaintiff GBL, LLC's ("GBL") complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). MTD, ECF No. 7. GBL opposed. Dismissal Opp'n, ECF No. 9. LaForce filed a response. Dismissal Reply, ECF No. 14.

For the following reasons, the Court **GRANTS** the motion to remand, and declines to rule on the motion to dismiss as moot.

**I. BACKGROUND**

This lawsuit arises out of a contract for LaForce to provide GBL with digital and social media marketing. Compl., ECF No. 1, Ex. A2, at 1. On October 1, 2020, GBL filed its complaint with the Superior Court of California of the County of Orange. Id. GBL then endeavored to serve LaForce.

GBL engaged a service processor to personally serve James LaForce, who is listed as LaForce's agent for service with the New York Secretary of State. Jalali-Bidgoli Decl., ECF No. 10-2, ¶¶ 3-4, Ex. 1. The agent made five separate attempts to serve James

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-118 JVS(ADSx) | Date | March 3, 2021 |
| Title | GBL, LLC v. LaForce and Company, LLC | | |

LaForce in person at his address between October 19, 2020, and November 3, 2020, but no one answered the door. Id. ¶ 4 and Ex. 2.

      On November 23, 2020, GBL's process server went to LaForce's offices in Long Island City, New York, to serve James LaForce there. Jalali-Bidgoli Decl. ¶ 6. The process server left the complaint and summons with "Brian Dunlock" – who is actually named Brian Dunlop – at 2:17 PM. Id. ¶ 6 and Ex. 3 (Proof of Service). Although the process server describes Dunlop as "Manager - Person In Charge of Office," Dunlop describes his role as that of a "mailroom worker." Compare Proof of Service with Dunlop Decl., ECF No. 12-3, ¶ 1. Dunlop further states that the extent of his interaction with the process server consisted of the following: The process server "asked me 'Is this LaForce?' I said 'Yes.' He said, 'here you go' and handed me a complaint and summons. He then asked me what my name was, and I told him. Then, he left. He did not ask me if there was a manager in charge or if I was the manager." Dunlop Decl. ¶ 2. The process server later mailed a copy of the complaint and summons to James LaForce at LaForce's offices by first class mail on December 1, 2020. Jalali-Bidgoli Decl. ¶ 7, Ex. 4 (Proof of Service by Mail).

      On December 21, 2020, LaForce's counsel contacted GBL's counsel and offered to submit a signed Notice of Acknowledgment and Receipt. Id. ¶ 8; Warrington Decl., ECF No. 12-4, ¶¶ 3, 6. GBL's counsel accepted the offer. Jalali-Bidgoli Decl. ¶ 8. GBL's counsel states that "[l]ater on that same date, [GBL's] counsel was able to contact the process server and obtain the [Proof of Service] and the Declaration of Mailing which were thereafter filed in the Action with the Superior Court of California on or about December 21, 2020." Id. ¶ 9. GBL's counsel sent LaForce's counsel a signed Notice of Acknowledgment and Receipt that day at 7:46 PM. Warrington Decl. Ex. A. Four minutes later, GBL's counsel filed the proof of service executed by the process server. Warrington Decl. Ex. C. At 9:07 PM, LaForce's counsel returned to GBL's counsel the signed Notice of Acknowledgment and Receipt. Warrington Decl. Ex. B.

      On January 7, 2021, GBL's counsel left a voicemail with LaForce's counsel and stated that LaForce's deadline to file an answer was January 11 because "the [Proof of Service] was effective on December 11, 2020." Jalali-Bidgoli Decl. ¶ 10; Warrington Decl. ¶ 11. LaForce's counsel states that they had not yet made an appearance, and that LaForce was unaware of the Proof of Service. Remand Opp'n at 19 n.1. Following a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   SACV 21-118 JVS(ADSx)                                    Date   March 3, 2021

Title   GBL, LLC v. LaForce and Company, LLC

conversation between the parties' counsel, LaForce's counsel sent an email to GBL's counsel stating "As we discussed just now, Defendant Laforce's response deadline is January 20, 2021, per the Notice of Acknowledgment that I signed on December 21, 2020." Warrington Decl. ¶¶ 13-20, Ex. E (emphasis in original). GBL's counsel responded to the email, stating "Confirmed." Warrington Decl. Ex. E.

On January 20, 2021, LaForce removed this case to federal court. Notice of Removal, ECF No. 1. The instant motions followed.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court so long as original jurisdiction would lie in the court to which the action is removed. City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163 (1997). According to the Ninth Circuit, courts should "strictly construe the removal statute against removal jurisdiction." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Doubts as to removability should be resolved in favor of remanding the case to the state court. Id. This "'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. (quoting Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)).

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c); see also Maniar v. FDIC, 979 F.2d 782, 786 (9th Cir. 1992). A district court lacks power to order a remand in violation of Section 1447(c). Id.

## III. DISCUSSION

GBL argues that LaForce failed to timely remove this case to federal court. LaForce filed its notice of removal on January 20, 2021. Notice of Removal. Under 28 U.S.C. § 1446(b), a defendant must file a notice of removal within thirty days of service. Thirty days prior to January 20, 2021, is December 21, 2020. The main issue to resolve is thus whether LaForce was served prior to December 21, 2020.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-118 JVS(ADSx) | Date | March 3, 2021 |
| Title | GBL, LLC v. LaForce and Company, LLC | | |

  LaForce is a limited liability corporation, and so whom GBL could deliver the complaint and summons to is governed by California Code of Civil Procedure § 416.10. Under § 416.10(b), a summons may be served on a corporation by delivering it to "a person authorized by the corporation to receive service of process." GBL focused its attention on serving James LaForce, who is listed as GBL's agent for service with the New York Secretary of State, and therefore qualifies as a proper recipient of the summons under § 416.10(b). See Jalali-Bidgoli Decl., ECF No. 10-2, ¶ 3 and Ex. 1.

  The default means of serving an individual under California law is through "personal delivery of a copy of the summons and of the complaint to the person to be served." California Code of Civil Procedure § 415.10. But that is not the only option. "In lieu of personal delivery of a copy of the summons and complaint to the person to be served as specified in Section 416.10 . . . , a summons may be served by leaving a copy of the summons and complaint during usual office hours in his or her office . . . with the person who is apparently in charge thereof, and by thereafter mailing a copy of the summons and complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left." Id. § 415.20(a) (emphasis added). Although LaForce challenges whether service was properly (1) "during usual office house," (2) "in his or her office," and (3) left with a "person who is apparently in charge thereof," each of his arguments fail.

  First, the process server left the complaint and summons with Brian Dunlop at 2:17 PM. This constitutes service of the documents during "usual office hours" as required by § 415.20(a) since it is well within the standard working hours of 9 AM to 5 PM. LaForce attempts to argue that 2:17 PM was not LaForce's "usual office hours" on November 23 because the Covid pandemic caused LaForce's business hours to be "in flux." Remand Opp'n at 26. But this argument is unpersuasive for two reasons. First, Brian Dunlop was indeed working at LaForce's office at 2:17 PM, undercutting the notion that this was not a normal time for people to be working at LaForce's office. Second, LaForce fails to point to an alternative window of time that would constitute its "usual office hours." If the Court were to give credence to the disclaimer on LaForce's website that LaForce was "working remotely," cf. id., there would be no "usual office hours." Such a result would be unacceptable. Courts have held that defendants cannot defeat service by making it physically impossible. See Khourie, Crew & Jaeger v. Sabek, Inc., 220 Cal. App. 3d

Case 8:21-cv-00118-JVS-ADS   Document 15   Filed 03/03/21   Page 5 of 8   Page ID #:355

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-118 JVS(ADSx) | Date | March 3, 2021 |
|---|---|---|---|
| Title | GBL, LLC v. LaForce and Company, LLC | | |

1009, 1013 (1990) ("It is established that a defendant will not be permitted to defeat service by rendering physical service impossible.").

Second, on November 23, 2020, GBL's process server went to LaForce's offices in Long Island City, New York, to serve James LaForce. Jalali-Bidgoli Decl. ¶ 6. Although LaForce argues that this was the wrong location to leave the summons and complaint, LaForce omits any discussion of the phrase "in his or her office" from its argument. Remand Opp'n at 23-25. Delivery of the complaint and summons to James LaForce's office at the LaForce location in Long Island City was plainly proper.

Third, the Court considers whether it was appropriate for the process server to leave the complaint and summons with Brian Dunlop. In his declaration, Dunlop states that the process server made no attempt at trying to determine whether James LaForce was present at the office or if someone else was "in charge." Dunlop Decl. ¶ 2. LaForce contends that this makes service insufficient under § 415.20(a). Remand Opp'n at 26-27. GBL, on the other hand, emphasizes that § 415.20(a) says the summons and complaint must be delivered to whomever is "apparently in charge." Remand Reply at 13. While GBL does not dispute that the process server made no attempt to determine whether another person at the Long Island City office was in charge, GBL stresses the process server's declaration that Dunlop was <u>apparently</u> in charge and courts' permissively interpret § 415.20(a). <u>Id.</u>; see Proof of Service (stating the complaint and summons were left with "Brian Dunlock - Manager, Person In Charge of Office").

The Court agrees with GBL that service of Dunlop was sufficient. California's service of process statutes are to be "liberally construed to effectuate service and uphold jurisdiction if actual notice has been received by the defendant, and in the last analysis the question of service should be resolved by considering each situation from a practical standpoint." <u>Bein</u> v. <u>Bechtel-Jochim Group, Inc.</u>, 6 Cal. App. 4th 1387, 1392 (1992) (internal quotation and citations omitted). "The evident purpose of Code of Civil Procedure section 415.20 is to permit service to be completed upon a good faith attempt at physical service on a responsible person[.] Service must be made upon a person whose relationship with the person to be served makes it more likely than not that they will deliver process to the named party." <u>Id.</u> at 1393 (international quotations and citations omitted). Indeed, California courts have ruled that "minor deficiencies will not be allowed to defeat service." <u>Trackman</u> v. <u>Kenney</u>, 187 Cal. App. 4th 175, 184 (2010).

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 21-118 JVS(ADSx) | Date | March 3, 2021 |
|---|---|---|---|
| Title | GBL, LLC v. LaForce and Company, LLC | | |

    If a summons and complaint are delivered to an individual who works in a mail room of the defendant, it is certainly more likely than not that they will be appropriately delivered. After all, the job of a mailroom worker is to ensure that documents and other deliveries reach their proper destination. Moreover, the delivery of the summons and complaint did actually result in notice to LaForce, as shown by how LaForce contacted GBL about this case on December 21. While the Court does acknowledge that it would be preferable for the process server to have specifically asked the mailroom worker if he could speak to James LaForce, such a minor deficiency is insufficient to defeat service where it successfully served to give notice to the Defendant.

    Indeed, California courts have repeatedly deemed service on an individual affiliated with a defendant corporation valid under § 415.20(a) even if that individual is not the agent designated to receive service. In Ludka v. Memory Magnetics International, 25 Cal. App. 3d 316 (1972), the court upheld service when a process server who was unsuccessful in getting past a receptionist to see an officer of the defendant, eventually "threw some papers on a coffee table and said, 'You're served' and started for the door." Id. at 320. Service delivered to a receptionist was found to be sufficient. Similarly, in Khourie, service was found to be proper when a summons and complaint were left outside a locked door behind which a woman – who refused to unlock the door or tell the process server her name – said she was "not accepting any papers." Id. at 1012-14. In this case, the process server could not even identify the woman at the door but service was still found to be valid. Service on an identified mailroom worker is certainly sufficient.

    Section 415.20(a) states that if service is performed under this section, it is "deemed complete on the 10th day after the mailing." As GBL's process server mailed the complaint and summons to James LaForce on December 1, 2020, service was therefore complete on December 11, 2020. This is before December 21, 2020, and therefore removal on January 20, 2021 was untimely. As this Court must "strictly construe the removal statute against removal jurisdiction," Gaus, 980 F.2d at 566, failure to timely remove a case defeats jurisdiction under § 1446.

    LaForce makes several arguments for why GBL should be precluded from arguing that LaForce was late in removing this case following GBL's service under § 415.20(a). Each is unavailing. First, LaForce argues that GBL is estopped from arguing that removal was improper because GBL's counsel signed and sent the Notice of Acknowledgment

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-118 JVS(ADSx) | Date | March 3, 2021 |
| Title | GBL, LLC v. LaForce and Company, LLC | | |

and Receipt to LaForce. Remand Opp'n at 15-16. LaForce argues that this constituted "affirmative conduct" indicating "unequivocal consent" to federal jurisdiction, meaning that GBL waived any motion to remand. Id. (quoting Hunsicker v. Home Depot U.S.A., Inc., 2020 WL 6158243, at *3 (C.D. Cal. Oct. 21, 2020)). But GBL's conduct did not constitute unequivocal consent. Notably, GBL "did not engage in extensive post-removal conduct or seek to remand after unsuccessfully litigating issues in federal court," which courts have required to find a motion to remand waived. Hunsicker, 2020 WL 6158243, at *4 (citing Transport Indemnity Co. v. Financial Trust Co., 339 F. Supp. 405, 408 (C.D. Cal. 1972)). Rather, the only "affirmative conduct" that LaForce points to is GBL's agreement to sign the Notice of Acknowledgment and Receipt after service under § 415.20(a) was completed and a month before removal. Cf. Remand Opp'n at 16. GBL's counsel also only agreed to LaForce's counsel's request that LaForce have a "response deadline" of January 20, 2021. See Warrington Decl. Ex. E. This is far from "unequivocal" consent to removal to federal court.

The cases that LaForce cites are similarly inapposite. LaForce relies on Luchetti v. Hershey Co., 2008 WL 2331965, at *4-5 (N.D. Cal. 2008), to argue that sending a signed Notice of Acknowledgment and Receipt automatically estops the party from later arguing untimely removal based on a different method of service. Remand Opp'n at 16, 21. But LaForce's characterization of Luchetti overlooks how that case emphasized that "only after defendant's removal did plaintiff contend that he served defendant under the alternate provisions of § 415.40." Luchetti, 2008 WL 2331965, at *4. Here, GBL's counsel told LaForce's counsel that service was made pursuant to § 415.20(a) on January 7, 2021. Jalali-Bidgoli Supplemental Decl., ECF No. 13-1, ¶ 12. LaForce similarly argues that Varga v. United Airlines, 2009 WL 2246208 (N.D. Cal. July 24, 2009), stands for the proposition that "[t]he act of signing and sending a notice and acknowledgment form to opposing counsel is, in and of itself, an affirmative representation that service is being effected under California Code of Civil Procedure section 415.30, as opposed to any other alternate service method." Remand Opp'n at 16, 20. But the case instead merely holds that signing and sending such a Notice of Acknowledgment and Receipt forecloses claiming that delivery of the same documents can be used to claim successful service under § 415.40, which allows for service by mail. Varga, 2009 WL 2246208, at *4. Varga does not create as broad of a rule as LaForce argues.

JS - 6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 21-118 JVS(ADSx) | Date | March 3, 2021 |
| Title | GBL, LLC v. LaForce and Company, LLC | | |

    Finally, the Court notes that LaForce improperly places great emphasis on when GBL filed the Proof of Service. <u>See</u> Remand Opp'n at 16-20. Section 415.20(a) does not require that a Proof of Service be filed for service to be effective. The circumstances under which GBL filed a Proof of Service therefore has no bearing on when service was completed, and consequently on when the deadline was for removal.

    The motion to remand is therefore **GRANTED**. As the Court grants the motion to remand, the Court declines to rule on LaForce's motion to dismiss.

### IV. CONCLUSION

    For the foregoing reasons, the Court **GRANTS** the motion to remand and declines to rule on the motion to dismiss. The Court finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15. Hearing set for March 15, 2021, is ordered **VACATED**.

    **IT IS SO ORDERED.**

| | : | 0 |
|---|---|---|
| Initials of Preparer | lmb | |